IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br><br>    Ann Marie Coleman,<br><br>*Debtor*. | Case No: 17-10201<br>Chapter: 13 |
| Ann Marie Coleman,<br><br>*Plaintiff*,<br><br>v.<br><br>Covington Credit of Alabama, Inc.,<br><br>*Defendant*. | AP No: |

# COMPLAINT

**COMES NOW** Plaintiff, Ann Marie Coleman, by and through the undersigned counsel, and presents this complaint for damages and injunctive relief against Defendant, Covington Credit of Alabama, Inc., and alleges as follows:[1]

## INTRODUCTION

1.     Plaintiff initiates this *Complaint* because of Defendant's intentional and willful violations of the automatic stay afforded by 11 U.S.C. § 362(a), and additionally, for an injunction requiring that Defendant cease further collection attempts.

---

[1] Plaintiff and the office of her bankruptcy counsel have advised of the bankruptcy case; however, such efforts have been futile in that Defendant did not cease its collection efforts.

1

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and the District Court's *Order of Reference* dated April 25, 1985, this Honorable Court has jurisdiction of the claims within this adversary proceeding. Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

3. This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b) and 1409. To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to the entry of final orders by this Honorable Court.

## PARTIES

4. Plaintiff, Ann Marie Coleman, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States Bankruptcy Court for the Middle District of Alabama, and is a debtor in the underlying bankruptcy case.

5. Defendant, Covington Credit of Alabama, Inc., is a Domestic Corporation, was incorporated within the State of Alabama, and is a creditor in the underlying bankruptcy case.

## FACTUAL ALLEGATIONS

6. On January 27, 2017, Plaintiff filed a *Voluntary Petition* and accompanying schedules (collectively, the "Petition") under Chapter 13, Title 11, of the United States Code, with the same being filed in the United States Bankruptcy Court for the Middle District of Alabama and bearing bankruptcy case number 17-10201 ("Bankruptcy Case").

7. Within Plaintiff's *Chapter 13 Plan*, she provided for a "POT" of $3,000.00 to be distributed to creditors holding allowed non-priority unsecured claims.

2

8. At the time the Petition was filed, Plaintiff was indebted to Defendant as the result of a debt with a balance of approximately $758.73; accordingly, within *Schedule E/F* of the Petition, Plaintiff identified Defendant as the holder of a claim in said amount.

9. The Bankruptcy Noticing Center's ("BNC") *Certificate of Notice* for the *Notice of Chapter 13 Bankruptcy Case* and the *Chapter 13 Plan* reflect that these documents were provided to Defendant via first class mail on February 1, 2017.

10. On March 30, 2017, Defendant filed *Proof of Claim* number 3 and therein alleged entitlement to an indebtedness in the amount of $758.83 related to "MONEY LOANED".

11. Several documents are attached in support thereof said claim including, but not limited to, the Disclosure Required by Federal Law Note & Security Agreement executed, on behalf of Defendant, an individual with the last name of "Gantt".

12. On June 15, 2017, this Honorable Court entered an *Order Confirming Chapter 13 Plan* which, according to the BNC's *Certificate of Notice*, was provided to Defendant by first class mail on June 17, 2017.

13. Notwithstanding the aforesaid notices and participation, Defendant has engaged and continues to engage in collection activities that are enjoined and prohibited by the automatic stay.

14. Defendant, by and through an agent self-identified as "Kim Gantt", has contacted Plaintiff via phone, on multiple occasions, regarding collection of the subject debt.

15. Defendant placed said calls from the number of (334) 222-2660. Said number is owned by and registered to Defendant's office in Andalusia, Alabama.

16. Based upon information and belief, Gantt is employed at Defendant's office in Andalusia.

17. On December 5, 2017, Defendant, through Gantt, contacted Plaintiff via phone regarding collection of the subject debt.

18. On December 27, 2017, Plaintiff, through a paralegal with her bankruptcy counsel, called Defendant at its local facility and advised of the Bankruptcy Case.

19. Despite the aforesaid, Defendant, through Gantt, has continued to contact Plaintiff via phone regarding collection of the subject debt.

20. Plaintiff has advised Defendant, through Gantt, on several occasions, of the Bankruptcy Case and all relevant information.

21. On March 12, 2018, Defendant, through Gantt, called and demanded that Plaintiff visit the local facility and make a payment on her account.

22. Plaintiff again advised of the Bankruptcy Case and then disconnected the call.

23. During one or more of these calls, Defendant, through Gantt, threatened that Defendant would seek the assistance of the "police" or local law enforcement regarding the debt.

24. Defendant's calls have continued throughout the Bankruptcy Case.

25. Defendant has completely disregarded the protections afforded by the automatic stay.

26. Defendant's violations of the automatic stay are and were intentional and willful in that Defendant committed such acts after notice of the Bankruptcy Case; because of Defendant's intentional and willful violations of the automatic stay, Plaintiff has been forced to retain counsel in this matter.

27. Further, because of Defendant's intentional and willful violations of the automatic stay, Plaintiff reasonably believes that the intervention of this Honorable Court is necessary to redress these violations.

4

Case 18-01101    Doc 1    Filed 06/21/18    Entered 06/21/18 16:28:17    Desc Main
Document      Page 4 of 6

28. Plaintiff and the office of her bankruptcy counsel have endeavored to obtain Defendant's compliance with the automatic stay; however, those efforts have failed.

29. Defendant's conduct, in its entirety, rises to the level of willfulness and has interfered with the purposes of the Bankruptcy Code.

30. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT I
## WILLFUL VIOLATIONS OF 11 U.S.C. § 362(a)(6)

31. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

32. Defendant violated 11 U.S.C. § 362(a)(6) as more so identified herein above.[2]

33. Defendant's acts or omissions to act, as described herein above, which Defendant undertook with knowledge of the Bankruptcy Case, constitute intentional and willful violations of the automatic stay.

34. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

---

[2] (**a**) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
   …
   (**6**) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
   …

*See* 11 U.S.C. § 362(a).

## PRAYER FOR RELIEF

**WHEREFORE, the premises considered**, Plaintiff respectfully moves this Honorable Court for an Order, *inter alia*:

a. declaring that Defendant has violated the aforementioned automatic stay provision(s) of 11 U.S.C. § 362(a);

b. awarding to Plaintiff and against Defendant actual, compensatory and punitive damages for Defendant's violations of the aforesaid automatic stay provisions of 11 U.S.C. § 362(a), pursuant to 11 U.S.C. § 362(k);

c. awarding to Plaintiff and against Defendant the fees, costs and expenses of this litigation, pursuant to 11 U.S.C. § 362(k); and

d. awarding such other and further relief as this Honorable Court deems just and appropriate, including the equitable relief requested herein.

**RESPECTFULLY SUBMITTED** this the June 21, 2018.

/s/ Anthony B. Bush
Anthony B. Bush (ASB-7306-A54B)
Attorney for Plaintiff/Debtor

**OF COUNSEL TO BROCK & STOUT, LLC:**
Anthony B. Bush, Esq.
Parliament Place Professional Center
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone:       (334) 263-7733
Facsimile:   (334) 832-4390
E-mail:      anthonybbush@yahoo.com
             abush@bushlegalfirm.com

SERVICE ADDRESS:
Covington Credit of Alabama, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

6

Case 18-01101    Doc 1    Filed 06/21/18    Entered 06/21/18 16:28:17    Desc Main
                          Document      Page 6 of 6